# Third District Court of Appeal

## State of Florida

Opinion filed January 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0099
Lower Tribunal Nos. 09-40129 CC & 20-60 AP
_____

**Advanced X-Ray Analysis, Inc., a/a/o Antonio Gomes,**
Appellant,

vs.

**State Farm Mutual Automobile Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Linda Singer Stein, Judge.

Eiffert & Associates, P.A., and Crystal Eiffert and Robert Morris (Orlando), for appellant.

Birnbaum, Lippman & Gregoire, PLLC, and Nancy W. Gregoire Stamper (Fort Lauderdale); Kirwan Spellacy Danner Watkins & Brownstein, P.A., and Christopher L. Kirwan and R. Ryan Smith (Fort Lauderdale), for appellee.

Before LOGUE, SCALES and GORDO, JJ.

PER CURIAM.

Affirmed. See Araujo v. Winn-Dixie Stores, Inc., 290 So. 3d 936, 938 (Fla. 3d DCA 2019) ("A trial court's denial of a motion for mistrial and a motion for new trial . . . is reviewed for an abuse of discretion. 'Generally, a mistrial or new trial should be granted only when counsel's comments are so inflammatory and prejudicial that they deny the opposing party a fair trial.' When assessing the comments, '[c]ontext is crucial.'") (citations omitted); Philip Morris USA, Inc. v. Cuculino, 165 So. 3d 36, 38-39 (Fla. 3d DCA 2015) (holding that, while counsel's improper comments during closing argument were not ones the appellate court condoned, nonetheless the comments were not so highly prejudicial and inflammatory that a party was denied a fair trial); Carnival Corp. v. Jimenez, 112 So. 3d 513, 519 (Fla. 2d DCA 2013) (holding that, when alleged error arising from both improper closing argument and attorney misconduct during trial is unpreserved, a motion for a new trial must establish the argument or conduct was improper, harmful, incurable, and damaging to the fairness of the trial).